# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY CREEDON, | CV F   06-1077 OWW DLB HC |
|     Petitioner, | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS |
|     v. | [Doc. #7] |
| JEFF WRIGLEY, Warden, | ORDER DISMISSING FINDINGS AND RECOMMENDATION AS MOOT |
|     Respondent. | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT |
| | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On October 23, 2006, the Magistrate Judge issued Findings and Recommendations that recommended the petition be GRANTED and Respondent be ORDERED to consider the appropriateness of transferring Petitioner to an Residential Re-entry Center ("RRC") in light of the factors set forth in 18 U.S.C. § 3621(b), not excluding any other factors deemed appropriate by the Bureau of Prisons ("BOP"), without reference to the BOP policy promulgated in December 2002 and without reference to the BOP's February 14, 2005, amendment to 28 C.F.R. § 570.21.  The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within ten (10) days of the date of service of the order.

On October 31, 2006, Respondent filed a motion to dismiss the petition as moot.

Respondent contends and submits evidence that Petitioner has been transferred to a

halfway house on October 16, 2006, and argues the instant petition is therefore moot. See Declaration of Bobbi Butler, Attachment to Motion. Respondent submits the declaration of Bobbi Butler, who is employed in the Correctional Programs department for the Western Region, BOP, United States Department of Justice. Id. Ms. Butler has reviewed the SENTRY Computer System with regard to Petitioner, and records indicate that on October 16, 2006, Petitioner was transferred to the Cornell Corrections, Residential Reentry Center (RRC). Id. Because of this transfer, Petitioner's petition has become moot and must be dismissed. North Carolina v. Rice, 404 U.S. 244, 246 (1971) ("federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them"); Mitchell v. Dupnik, 75 F.3d 517, 528 (9th Cir. 1996).

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's Motion to Dismiss is GRANTED;

2. The Magistrate Judge's Findings and Recommendation is DISMISSED as moot;

3. The Petition for Writ of Habeas Corpus is DISMISSED as moot; and

4. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

**Dated:   December 7, 2006**             /s/ Oliver W. Wanger
emm0d6                                                                  UNITED STATES DISTRICT JUDGE